## SUPREME JUDICIAL COURT

FOR THE COUNTY OF

# LINCOLN.

### MAY TERM,

### 1822.

THE PRESIDENT, DIRECTORS AND COMPANY OF THE KENNEBEC BANK v. TURNER AND CHASE.

Where a lease was made to two, one of whom was sole occupant of the prem-- ises, which he held over the term, and debt for the rent of the whole period of actual occupancy was brought against both;—it was holden that the other lessee was not estopped to shew that he signed the lease only in the charac- ter of *surety*, for the term specified, without having in fact occupied the premises at any time ; and that *he* was not liable for rent after the time mentioned in the writing, the holding over being, *as to him,* no- continuance of the lease.

**D**EBT. for two years' rent of a house in *Wiscasset.* In a case stated by the parties it appeared that the evidence of the contract was a paper not under seal, by which the plaintiffs by their agent had let the house to the defendants for three months :—and it was agreed that the defendant, *Chase,* could prove by parol testimony, if it was competent for him so to do, that he dwelt in *Newcastle,*—that he never actually occu- pied the premises, though he appeared in the written memoran- dum as a joint lessee,—but that he signed merely as the surety of *Turner,* who, it was agreed, had held the premises over the term mentioned in the writing, and during the time specified in the declaration. It was also agreed that *Turner* had previ-- ously occupied the premises under other lessors; and that on the day of making the writing he notified the plaintiffs that af-- ter the expiration of his term he should not pay so high a rent as he had agreed to pay for the preceding year. The rent due for the term specified in the memorandum was brought into Court upon the common rule.

Upon these facts the question was, whether the parol evidence was admissible,—and whether the occupancy of *Chase* could be extended, by construction, beyond the three months mentioned in the memorandum which he had signed ?

*Sheppard*, for the plaintiffs.

1. As to the constructive possession of *Chase*. The defendants were jointenants, by the terms of the demise ; and the entry and occupation of one, was the entry and occupation of both. If either of them had died during the first quarter, the residue of the term would have gone to the survivor. 2 *Cruise's Dig.* 498, 516, 551. *Co. Lit.* 181, *b.* and *note* 60. *id.* 46, *b.* Nor does the want of a seal vary the construction. Any words shewing that one will divest himself of the possession, and the other come to it for a certain time, in whatever form expressed, will amount in law to a lease. 2 *Cruise's Dig.* 111.

If the lessees were thus jointenants, during the first quarter, their character as such did not change during the time mentioned in the declaration, because neither party *gave notice* to the other, during the quarter, of any intended termination of the lease. The continued possession of the tenants holding over is characterized by the previous lease, and is, in law, an implied renewal ; and thus the relation of landlord and tenant continuing to exist, the liability to pay rent is not changed. It continues until the tenant gives up complete possession, or the landlord accepts another tenant. *Harding v. Crethorn,* 1 *Esp. Rep.* 57. *Osgood v. Dewy,* 13 *Johns.* 240. *Woodfall's landlord and tenant,* 164. 2 *Com. on Contr.* 218. *Roe ex dem. Jordan v. Ward,* 1 *H. Bl.* 97.

This construction operates no unreasonable hardship on *Chase ;* for he might at any time have avoided farther liability, by delivering up the premises at the end of the term, or by notifying the plaintiffs that he would no longer be holden.

2. As to the admissibility of parol evidence. This is an attempt on the part of one of the defendants to control and entirely to change a written contract ;—to shew that he was never lessee, though expressly so styled in the writing, but only a surety, responsible collaterally for a quarter's rent. Such testimony is not legally admissible. *Lewis v. Gray,* 1 *Mass.* 297. *Hunt v. Adams,* 6 *Mass.* 519. 7 *Mass.* 518.

And the action is well brought. Debt lies in this case, as well as *assumpsit.* And where there is a written lease, and also a claim for use and occupation, debt is advised as the better remedy. 2 *Chitty's Plead.* 172, *note z.* 174, *note c.* 8 *note c.* 2 *Selw. N. P.* 536. But if not well brought, yet the case stated is a waiver of any objection to the form of action.

Bailey, for the defendants.

The admission of the parol evidence violates no principle of law, because it does not go to control or vary a written contract, but it is offered to prove other and collateral parts of the contract, the whole of which was never reduced to writing. *Lewis v. Gray,* 1 *Mass.* 297. *Barker v. Prentiss,* 6 *Mass.* 434. *Peake's Ev.* 121.

As to the liability of *Chase ;*—he ought not to be bound beyond the plain intention and understanding of the parties. He entered into the contract merely as a surety for the payment of one quarter's rent. The case finds that he never occupied beyond the term mentioned in the lease. Yet rent becomes due only in consideration of occupancy, which must be expressly averred. *Woodf. Landl. & Ten.* 164, 181, 183, 345. The case is as if both had occupied in fact as lessees, until the end of the term, at which time *Chase* had departed, yielding up possession according to the contract, the other lessee tortiously holding over. Upon what principle of law or justice could the tenant who fulfilled his contract be made responsible for the conduct of him who did not? And if the landlord should be driven to his action to regain possession, could it be sustained against *both ?* Yet this absurdity certainly follows, if the possession is in both by intendment of law.

But the case finds that the rent, after the first quarter, was not fixed, but left to future adjustment by the parties; notice to this effect having been given by *Turner* at the time of signing the paper. The remedy of the plaintiffs therefore is an action for reasonable *damages* for the use and occupation; and the present action is misconceived, because debt lies only in those cases where certainty of the sum *appears in the contract,* and the plaintiff recovers *in numero,* and not in damages. *Woodf. Landl. & Ten.* 323.

MELLEN C. J. delivered the opinion of the Court as follows. It is not necessary to inquire whether the defendant *Chase* is estopped to deny that he was a lessee jointly with *Turner*, during the term of three months for which the written lease was given, and to prove that he was merely a *surety* for *Turner* during that time; because he claims no exemption from liability to pay the rent mentioned in the lease; and the amount of it has been brought into Court on the common rule for the plaintiffs' use.—Is he then estopped by the lease to shew the facts on which he relies for his defence *after the expiration of it?* We know of no principle by which he can be thus estopped. Manifest injustice would be the consequence, if he were. If a man take a lease of his own land *under seal* for one year, he shall not be estopped to claim the land and assert his title to it *after the termination of the lease. Co. Lit.* 47. *b.* We are, then, in forming our opinion, to consider the facts which the defendant offered to prove, *as proved:* and if *Chase* be not liable, the present action against the defendants *jointly,* cannot be maintained.—Now it appears that *Chase* has never for a moment occupied the premises jointly or severally; not even during the term of the written lease. On what principle, then, should he be holden as the surety of *Turner,* when he never consented to be such, except for the above named three months?—It is not necessary to consider the authorities particularly, which have been cited by the plaintiffs' counsel; because they are deemed by us not to apply to the present case. The principle relied on, to charge *Chase* with the rent after the expiration of the three months, may be effectual to charge *Turner;* because *he* actually *held over* the original term and continued his possession for the term mentioned in the writ; but it cannot charge *Chase.* It is applicable only to a lessee or lessees having a *beneficial interest* in the premises leased, continuing to hold over after the end of the term. The proof of *assent* arising from a continued possession and claim of interest, does not exist in the present case in respect to *Chase;* and therefore the action cannot on this principle be supported. It is true there is an agreement on the part of *Chase* and *Turner* in the written lease, that the premises shall be delivered up to the lessors at the end of the term,—and it appears that instead of being so delivered

up they were continued in possession of *Turner.* Still in this
action of *debt,* no damages could be recovered for this breach
of the contract, if any have been sustained, even if there were
any count in the writ for this purpose. In every view of the
subject we are satisfied the action cannot be maintained, ex-
cept for *nominal* damages and *costs as the parties have agreed.*

> *Defendants defaulted.*
> *Judgment for one cent damage.*